IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT BIRD, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CHRIS BIRD, an individual; VINCE BIRD CONSTRUCTION, INC., a dissolved Nebraska corporation; VINCE BIRD CONSTRUCTION COMPANY, INC. 401(K) PROFIT SHARING PLAN, and WELLS FARGO CLEARING SERVICES, LLC, a Delaware limited liability company;<br><br>Defendants. | 8:23CV47<br><br>**ORDER** |

Plaintiff Robert Bird filed this lawsuit against the Defendants for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* Defendant Vince Bird Construction Company, Inc. ("The Company") established and adopted Defendant Vince Bird Construction Company, Inc. 401(K) Profit Sharing Plan ("The Plan"), with the plan funds currently held by Defendant Wells Fargo. Plaintiff Robert Bird and Defendant Chris Bird are Plan trustees.

The core dispute in this case is whether Robert Bird is entitled to all or only part of the Plan funds: Robert Bird claims he is entitled to all of the Plan funds, and Chris Bird claims he is entitled to a portion of those funds. Once this core dispute is decided, the entity defendants, including Wells Fargo, will be required to comply with any order or settlement resolving the fund distribution dispute between Robert Bird and Chris Bird. The Company and The Plan are not represented by counsel (and have not answered or responded to the Complaint) because as co-trustees of the Plan, Robert Bird and Chris Bird disagree on whether The Company and

The Plan should expend funds to retain counsel. Neither The Plan nor The Company can litigate this case without counsel representation.

Robert and Chris Bird[1] stipulate that the funds held by Defendant Wells Fargo on behalf of the Plan[2] will be distributed in accordance with any final order or settlement between Robert and Chris Bird. (Filing No. 33, See also, Filing No. 34, audio file). All counsel (including counsel for Wells Fargo) agree that the claims between Robert Bird and Chris Bird, as individuals, should be resolved first, with the claims against the entity defendants bifurcated and stayed pending a ruling or agreement on distributing The Plan funds.

"For convenience, to avoid prejudice, or to expedite and economize," the court has broad discretion to bifurcate a lawsuit so that separate issues, claims, and counterclaims are separately litigated. Fed R. Civ. P. 42(b). Panchal Enterprises v. State Farm Fire & Cas. Co., 2021 WL 1909897, at *1 (D. Neb. May 12, 2021). Here, by bifurcating and staying the litigation against the entity defendants pending resolution of the dispute between Robert Bird and Chris Bird, the court need not decide whether: 1) The Company, a dissolved corporation, is a necessary party; 2) a receivership for The Company must be established for the purposes of this litigation, and 3) counsel must currently be retained and enter an appearance to represent The Company and/or The Plan. And as to Defendant Wells Fargo, although the claims against it are bifurcated, it remains willing and will be required to respond to discovery[3] to the same extent as an active party in the Robert Bird v. Chris Bird litigation. The court finds that bifurcating and staying

---

[1] The sole trustees of The Plan.
[2] The Company is dissolved, and any action required will be undertaken by the Plan.
[3] Wells Fargo's discovery obligation will be limited to assisting Robert Bird and/or Chris Bird in collecting information and documents to explain the formation, terms, and administration of the Plan, and any disbursements of Plan funds.

Plaintiff's claims against the entity defendants will promote the convenient and economic resolution of this case.

Accordingly,

IT IS ORDERED:

1) The claims against Vince Bird Construction Inc., a dissolved Nebraska corporation, Vince Bird Construction Company, Inc. 401(K) Profit Sharing Plan, and Wells Fargo Clearing Services, LLC are bifurcated and stayed pending resolution of the claims between Plaintiff Robert Bird and Defendant Chris Bird.

2) Although any litigation of claims against Wells Fargo is bifurcated and stayed, Wells Fargo will respond to limited discovery on the issues of Plan formation, terms, and administration, and any disbursements of Plan funds as if it was a party to the ongoing litigation between Robert Bird and Chris Bird, in their individual capacities.

3) The parties' stipulation, ([Filing No. 33](#)), is approved. Robert Bird and Chris Bird, as Plan trustees, will direct the Plan to comply with any final Order or written settlement agreement executed by and between Chris Bird and Robert Bird. in their individual capacities directing how the Plan funds will be distributed. (See also [Filing No. 34](#), audio file)

4) Upon resolution of the claim(s) between Robert Bird and Chris Bird, in their individual capacities, and in accordance with the terms of the settlement agreement or order resolving those claims, Defendant Wells Fargo shall distribute the Plan funds as directed by Robert Bird and Chris Bird, in their capacities as Plan trustees.

5) The motion for default judgment, ([Filing No. 24](#)), is deemed withdrawn.

Dated this 16th day of June, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

3